IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| ELIJAH DENSON, JR. and<br>OLAN WEEKS,<br>　　On behalf of themselves and<br>　　All others similarly situated,<br><br>　　　　Plaintiffs<br><br>v.<br><br>LPL FINANCIAL, LLC and<br>JASON N. ANDERSON,<br><br>　　　　Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. _____ |

## NOTICE OF REMOVAL

Defendant LPL Financial, LLC ("LPL") files this Notice of Removal pursuant to 28 U.S.C. §§ 1331 and 1446, *et seq.*, removing this matter from the 58th Judicial District of Jefferson County to the United States District Court for the Eastern District of Texas. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §§ 77p and 77v, *et seq.* In support of this Notice of Removal, LPL states as follows:

### I.　　BACKGROUND AND STATUS OF CASE

1.　　On November 16, 2016, Plaintiffs Elijah Denson, Jr. and Olan Weeks (collectively, "Plaintiffs") commenced a civil action by filing a petition in the district court for the 58th Judicial District of Jefferson County, Texas (the "Original Petition"), the action styled *Elijah Denson, Jr. and Olan Weeks, on behalf of themselves and all other similarly situated v. LPL Financial, LLC and Jason N. Anderson* bearing Cause No. A-199270 (the "State Court Action"). The State Court Action is still pending and no party has requested a jury trial in the State Court Action at this time.

2.　　Plaintiffs' lawsuit seeks to recover civil monetary damages as a result of

"Defendants' unauthorized trading churning, and mismanagement of Plaintiffs' and Class Members' investment accounts, retirement accounts, and/or other financial accounts…" (Original Petition, ¶1). Specifically, Plaintiffs allege LPL and Jason N. Anderson (collectively, the "Defendants") were "wrongfully trading Plaintiffs' and Class Members' investment accounts, retirement accounts, and/or other financial accounts without authorization, churning the accounts, otherwise mismanaging the accounts, [and] engaging in other deceptive acts and practices…" (Original Petition, ¶16). The Original Petition asserts Texas statutory and common claims for breach of contract, breach of implied contract, breach of fiduciary duty, negligence/gross negligence, negligence per se, violations of the Texas Securities Act, violations of the Texas Deceptive Trade Practices-Consumer Protection Act, unjust enrichment, *quantum meruit*, and assumpsit (Original Petition, ¶2).

3.  On April 6, 2017, Plaintiffs filed their First Amended Class Action Petition (the "Amended Petition"), which is substantively similar to the Original Petition.

## II.  REMOVAL IS TIMELY

4.  Pursuant to 28 U.S.C. § 1446(b)(3), LPL's removal of this action is timely because it is being filed within 30 days after receipt by LPL of "other paper" by which it was able to first ascertain that this case is removable. Specifically, less than 30 days have passed since LPL received discovery responses from Defendant Jason N. Anderson ("Anderson") confirming that the class action component of the Original Petition and Amended Petition involve the type of class for which federal preemption has been mandated by Congress.

5.  Specifically, the Securities Litigation Uniform Standards Act of 1998 (hereinafter "SLUSA") authorizes removal to federal court of "any covered class action brought in any state court involving a covered security..". *See* 15 U.S.C. § 77p. A "covered class action" is a lawsuit

in which damages are sought on behalf of more than 50 people. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71, 83 (2006). A "covered security" is one that is traded on a national exchange. *See id.* Neither the Original Petition nor the Amended Petition reflect on their face that the class Plaintiffs seek to certify involves more than 50 people whose accounts included covered securities. This is primarily because Plaintiffs merely allege "on information and belief" that "the proposed Class consists of hundreds of individuals and entities..." (*See* Original Petition, ¶17). An allegation made merely on "information and belief" carries no weight, particularly for purposes of determining removability of a case. *See, e.g., America's Best Inns, Inc. v. Best inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Bradford v. Mitchell Bros. Truck Lines*, 217 F.Supp. 525, 527 (N.D. Cal. 1963); *Tuholski v. Delaven Rescue Squad, Inc.*, 2013 U.S. Dist. LEXIS 113114, at *6-7 (N.D. Ill. Aug. 12, 2013) (citing cases).

6.  Since Plaintiffs' pleadings do not indicate the case is removable, LPL issued discovery requests to Defendant Anderson seeking confirming information that the lawsuit potentially involves more than 50 persons and trading of nationally registered securities. On May 17, 2017, Anderson responded to those requests and confirmed that, while serving as an LPL registered representative, he serviced more than 50 customers and that each of them had bought or sold a nationally registered security in their respective accounts. (*See* Exhibit 9). For purposes of removability, these discovery responses constitute "other paper" from which LPL was "first able to ascertain that the case was removable." *See, e.g. Vasquez v. Alto Bonito Gravel Plant Corp.*, 56 F.3d 689, 690 (5th Cir. 1995) (acknowledging defendant was able to remove after receipt of discovery responses from co-defendant containing information showing the case was removable); *see also Jernigan v. Ashland Oil*, 989 F.2d 812, 815 (5th Cir. 1993) (confirming that defendant was only first able to remove 30 days after receipt of answer from co-defendant

showing the case was removable).

7. Because neither the Original Petition nor the Amended Petition included sufficient allegations indicating the case was removable, it was not readily apparent from the initial pleading that this case was removable under SLUSA. *See Braud v. Transport Serv. Co. of Ill.*, 445 F.3d 801, 805 (5th Cir. 2006). After LPL received discovery responses from Defendant Anderson, LPL was able to "ascertain that the case was removable" and this Notice of Removal is being filed less than 30 days after receipt of that "other paper." Therefore, this Notice of Removal is timely filed.

### III. GROUNDS FOR REMOVAL

**Removal is Proper Under 28 U.S.C. § 1331 and 15 U.S.C. §§ 77p and 77v**

8. This Court has jurisdiction over this removed action because Congress expressly mandated that federal courts have jurisdiction over matters such as this one involving class action claims based upon state securities laws pursuant to SLUSA.

9. SLUSA expressly provides, among other things, that any class action lawsuit based upon state securities law that is brought in state court shall be removable to federal court as follows:

> *Removal of Covered Class Actions.* - Any covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending.

15 U.S.C. § 77p(c).

10. This removal provision implements the general prohibition against state law class actions contained in SLUSA. That limitation is set forth in subsection (b) and provides:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging -

>    (1)   an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
>
>    (2)   that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 77p(b).

11.  As discussed above, the statute embraces state law class action lawsuits involving more than 50 persons and securities traded on a nationally registered exchange. The discovery responses received from Defendant Anderson clearly reflect that the class Plaintiffs' seek to certify is a "covered class action" and that "covered securities" are at issue in this lawsuit. Because SLUSA preempts Plaintiffs' class action claims, and authorizes removal of those claims to have them dismissed, Plaintiffs lawsuit falls well within this Court's original jurisdiction, and may be removed to this Court pursuant to 28 U.S.C. § 1441.

12.  Finally, all defendants consent to this Notice of Removal, which means all prerequisites for removal have been satisfied. *See* 28 U.S.C. § 1446(b)(2)(A).

## IV. VENUE IS PROPER IN THIS DISTRICT

13.  Removal is proper to the United States District Court for the Eastern District of Texas, Beaumont Division because this Court presides over the district and division where the State Court Action was filed (Jefferson County, Texas). 28 U.S.C. § 1441(a).

## V. REMOVAL DOCUMENTS

14.  Pursuant to 28 U.S.C. § 1446(a) and Local Rule CV-81, attached to this Notice of Removal is an Index of all matters being filed with this Notice of Removal, which includes the following documents:

>    Exhibit 1:   Plaintiffs' Original Class Action Petition
>
>    Exhibit 2:   Executed Process as to Defendant Anderson;

Exhibit 3:     Executed Process as to Defendant LPL;

Exhibit 4:     Defendants' Answer;

Exhibit 5:     Plaintiffs' First Amended Class Action Petition;

Exhibit 6:     Order Allowing John P. Kincade and Winstead PC to Withdraw as Attorneys of Record for Jason N. Anderson;

Exhibit 7:     Certified Copy of Docket Sheet from the State Court Action;

Exhibit 8:     List of all parties, counsel of record, current status of removed case, and the name and address of the court from which the case is being removed;

Exhibit 9:     Responses to Interrogatories and Requests for Admissions from Jason N. Anderson; and

Exhibit 10:    Consent to Removal.

15.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Removal will be served on counsel for Plaintiff, and a true and correct copy of this Removal (without exhibits) will be filed with the Clerk of the Jefferson County District Court for the 58th Judicial District.

## VI. RELIEF REQUESTED

16.     For the foregoing reasons, LPL respectfully requests that the Court make such orders and take such actions as may be necessary in connection with the removal of the State Court Action to the United States District Court for the Eastern District of Texas, Beaumont Division, and that LPL have such other and further relief, both general and special, at law and in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

WINSTEAD PC

By: *John P. Kincade*
John P. Kincade, Esq.
SB# 11429600
2728 N. Harwood Street
Suite 500
Dallas, Texas 75201
(214) 745 5400
(214) 745 5390 (Fax)
jkincade@winstead.com

Jason R. Bernhardt
SB# 24045488
600 Travis, Suite 1100
Houston, Texas 77002
(713) 650-8400
(713) 650-2400 (Fax)
jbernhardt@winstead.com

- and -

Eric Paul Edwardson
Attorney at Law
SB# 24002042
5 Acadiana Court, Suite B
Beaumont, Texas 77706
(409) 924-0802
(409) 515-1958 (Fax)
ericedwardson@att.net

**ATTORNEYS FOR DEFENDANT
LPL FINANCIAL, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2017, a true and correct copy of foregoing was forwarded to all counsel of record by certified mail pursuant to the Federal Rules of Civil Procedure.

*/s/ Jason R. Bernhardt*
Jason R. Bernhardt

4820-9303-9944v.2