# EXHIBIT 1

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
11/16/2016 12:00:59 PM
JAMIE SMITH
DISTRICT CLERK
A-199270

NO. _____

| | | |
|---|---|---|
| ELIJAH DENSON, JR. and | § | |
| OLAN WEEKS, | § | |
| on behalf of themselves and | § | IN THE DISTRICT COURT OF |
| all others similarly situated, | § | |
| | § | |
| PLAINTIFFS | § | |
| | § | JEFFERSON COUNTY, TEXAS |
| v. | § | |
| | § | |
| LPL FINANCIAL, LLC and | § | |
| JASON N. ANDERSON, | § | ____ JUDICIAL DISTRICT |
| | § | |
| DEFENDANTS | § | |

## PLAINTIFFS' ORIGINAL CLASS ACTION PETITION

**TO THE HONORABLE COURT:**

Plaintiffs Elijah Denson, Jr. ("Denson") and Olan Weeks ("Weeks") (together, "Plaintiffs"), on behalf of themselves and all others similarly situated ("Class Members"), bring this class action against Defendants LPL Financial, LLC ("LPL") and Jason N. Anderson ("Anderson") (together, "Defendants"), and respectfully state the following:

### NATURE OF THE CASE

1.     This is a class action against Defendants LPL and Anderson, LPL's former agent and employee, for Defendants' unauthorized trading, churning, and mismanagement of Plaintiffs' and Class Members' investment accounts, retirement accounts, and/or other financial accounts, from April 2007 through January 2016 (the "Relevant Period"), the time period during which Anderson was employed by LPL as a securities broker and financial advisor.

2.     Plaintiffs, on behalf of themselves and Class Members, assert claims for breach of contract, breach of implied contract, breach of fiduciary duty, negligence/gross negligence, negligence *per se*, breach of the Texas Securities Act, breach of the Texas Deceptive Trade

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

May 16, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Jamie Smith   Page 1 of 21

Practices-Consumer Protection Act, unjust enrichment, *quantum meruit*, assumpsit, and *respondeat superior*, and seek to recover (i) actual and consequential damages, (ii) punitive damages, (iii) treble damages, and (iv) attorneys' fees, litigation expenses, and costs.

## DISCOVERY PLAN

3.       Plaintiffs, on behalf of themselves and Class Members, intend to seek entry of a Level 3 order requiring a discovery control plan tailored to the specific circumstances of this action. TEX. R. CIV. P. 190.4.

## PARTIES

4.       Plaintiff Denson is a citizen and resident of Jefferson County, Texas, whose IRA account was traded and/or churned by Defendants, without his authorization or permission, and generally mismanaged by Defendants, thereby causing him to suffer substantial damages.

5.       Plaintiff Weeks is a citizen and resident of Orange County, Texas, whose investment account, retirement account, and/or other financial account(s) were traded and/or churned by Defendants, without his authorization or permission, and generally mismanaged by Defendants, thereby causing him to suffer substantial damages.

6.       Defendant LPL is a California limited liability company with its principal place of business in Boston, Massachusetts. LPL is the largest independent broker-dealer in the United States with more than 14,000 financial advisors, over $485 billion in advisory & brokerage assets, and approximately $4.275 billion in revenue for the 2015 fiscal year. At all relevant times, LPL was qualified to conduct, conducted, and continues to conduct business in the State of Texas, including Jefferson County, Texas. LPL may be served with Citation and a copy of this Original Class Action Petition by serving its registered agent for service of process, C.T. Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

May 16, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

Jamie Smith   Page 2 of 21

7.      Defendant Anderson is a citizen and resident of Jefferson County, Texas. From April 2007 through January 22, 2016, Anderson was employed by LPL as an Investment Advisor Representative (IAR), which at LPL, is a combination securities broker and financial advisor. While employed by LPL, Anderson was Plaintiffs' and Class Members' IAR who traded (without authorization), churned, and mismanaged their investment accounts, retirement accounts, and/or other financial accounts. On January 22, 2016, LPL terminated Anderson for conducting discretionary trading in a Class Members' investment account without authorization in violation of LPL firm policy. Anderson then went to work for Kovack Securities, Inc., but was terminated less than four months later for failing to follow the rules. Anderson then went to work for IFS Securities where he is currently a securities broker and financial advisor. Anderson may be served with Citation and a copy of this Original Class Action Petition by serving him at IFS Securities, 6465 Calder Ave., Ste. 202, Beaumont, Texas 77706, his principal place of business, or at 5725 Clinton St., Beaumont, Texas 77706, his principal residence.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this case pursuant to TEX. GOVM'T CODE § 24.007(b). This Court has personal jurisdiction over Defendants because at all relevant times, they conducted (and continue to conduct) business in Jefferson County, Texas.

9.      Venue is proper in Jefferson County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1); (a)(2) and TEX. CIV. PRAC. & REM. CODE § 15.005.

## FACTS

### Plaintiff Elijah Denson

10.     Denson invested approximately $1 million of his retirement funds with Defendants in 2007.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

May 16, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

*Jamie Smith* Page 3 of 21

3

11.     From 2007-2016, when Denson ceased doing business with LPL after Anderson was terminated, his IRA account substantially diminished in value. During the last two years, and specifically due to (i) Defendants' unauthorized trading, churning, general account mismanagement, and engaging in other deceptive acts and practices, and (ii) LPL's failure to properly train and supervise Anderson, Denson lost over $130,000 in the account in the form of, *inter alia*, frontloaded commission charges on multiple mutual funds, lost economic opportunities, lost value in the account, commissions on the churned securities, and other unauthorized trading-related fees, charges, and commissions. Denson no longer is an LPL client.

**Plaintiff Olan Weeks**

12.     Weeks invested approximately $2.5 million of his retirement funds with Anderson and LPL in 2007.

13.     From 2007-2016, when Weeks ceased conducting business with LPL after Anderson was terminated, his investment account substantially diminished in value. During the last four years, and specifically due to (i) Defendants' unauthorized trading, churning, general account mismanagement, and engaging in other deceptive acts and practices, and (ii) LPL's failure to properly train and supervise Anderson, Weeks lost over $500,000 in the account in the form of, *inter alia*, frontloaded commission charges on multiple mutual funds, lost economic opportunities, lost value in the account, commissions on the churned securities, and other unauthorized trading-related fees, charges, and commissions. Weeks no longer is an LPL client.

## CLASS ACTION ALLEGATIONS

14.     Pursuant to TEX. R. CIV. P. 42, Plaintiffs bring this action as a class action on behalf of himself and all members of the following Class of similarly situated persons and entities:



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
May 16, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith Page 4 of 21

4

> All current and former LPL Financial, LLC clients whose Investment Advisor Representative was Jason N. Anderson.

Excluded from the Class are (i) LPL senior executives and their immediate family members, (ii) the Court, Court personnel, and their immediate family members, and (iii) Defendant Anderson and his immediate family members.

15. On information and belief, the proposed Class consists of hundreds of individuals and entities, the joinder of which in one action is impracticable. The precise number and identities of the Class Members are currently unknown to Plaintiffs, but can easily be derived from Defendants' records.

16. Defendants violated the rights and interests of each Class Member in the same manner by their above-described uniform wrongful actions—to wit, wrongfully trading Plaintiffs' and Class Members' investment accounts, retirement accounts, and/or other financial accounts without authorization, churning the accounts, otherwise mismanaging the accounts, engaging in other deceptive acts and practices, violating LPL's Investment Advisor Code of Ethics, and failing to properly train and supervise Anderson.

17. Common questions of law and fact predominate over any questions affecting individual Class Members including, *inter alia*:

    (i)    whether Defendants' above-described wrongful actions constitute breach of contract;

    (ii)    whether Defendants' above-described wrongful actions constitute breach of implied contract;

    (iii)    whether Defendants' above-described wrongful actions constitute breach of fiduciary duty;

    (iv)    whether Defendants' above-described wrongful actions constitute negligence, gross negligence, and/or negligence *per se*;

    (v)    whether Defendants' above-described wrongful actions constitute breach of the



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
May 16, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Jamie Smith  Page 5 of 21

5

Texas Securities Act;

(vi)    whether Defendants' above-described wrongful actions constitute breach of the Texas Deceptive Trade Practices-Consumer Protection Act;

(vii)    whether Defendants should be compelled to refund (or disgorge) the amounts by which they have been unjustly enriched or compelled to make restitution under the common law equitable doctrine of money had and received;

(viii)    whether Defendants should be compelled to refund (or disgorge) the amounts by which they have been unjustly enriched or compelled to make restitution under the common law equitable doctrine of assumpsit;

(ix)    whether Defendants should be compelled to refund (or disgorge) the amounts by which they have been unjustly enriched or compelled to make restitution under the common law equitable doctrine of *quantum meruit*;

(x)    whether Defendants' above-described wrongful actions directly or proximately caused Plaintiffs and Class Members to suffer damages; and

(xi)    whether Plaintiffs and Class Members are entitled to recover actual damages, consequential damages, punitive damages, treble damages, pre- and post-judgment interest, attorneys' fees, litigation expenses, and court costs and, if so, the amount of the recovery.

**18.**    Plaintiffs' claims are typical of Class Members' claims because Plaintiffs and Class Members are all victims of Defendants' above-described wrongful actions.

**19.**    Plaintiffs and their counsel will fairly and adequately represent the interests of Class Members. Plaintiffs have no interests antagonistic to, or in conflict with, those of any of the Class Members. Plaintiffs' counsel is experienced in leading and prosecuting class actions and complex commercial litigation, including class actions against securities brokerage firms.

**20.**    A class action is superior to all other available methods for fairly and efficiently adjudicating Plaintiffs' and Class Members' claims. Plaintiffs and Class Members have been harmed as a direct and proximate result of Defendants' above-described wrongful actions. Litigating this case as a class action is appropriate because (i) it will avoid a multiplicity of suits and the corresponding burden on the Courts and Parties, (ii) it would be virtually impossible for

I CERTIFY THIS IS A TRUE COPY
Witness my hand and seal of office
May 16, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith Page 6 of 21

all Class Members to intervene as parties-plaintiff in this action, (iii) it will allow numerous

persons with claims too small to adjudicate on an individual basis because of prohibitive

litigation costs to obtain redress for their injuries, and (iv) it will provide court oversight of the

claims process once Defendants' liability is adjudicated.

21.     Certification, therefore, is appropriate under TEX. R. CIV. P. 42(b)(3) because the

above-described common questions of law or fact predominate over any questions affecting

individual Class Members, and a class action is superior to other available methods for the fair and

efficient adjudication of this controversy.

22.     Absent a class action, Defendants will retain the benefits of their wrongdoing

despite violating the law and inflicting substantial damages on Plaintiffs and Class Members.

## CLAIMS FOR RELIEF/ CAUSES OF ACTION

### COUNT I

### BREACH OF CONTRACT

23.     The preceding factual statements and allegations are incorporated by reference.

24.     Plaintiffs and Class Members, on the one hand, and Defendants, on the other

hand, mutually intended to form and, in fact, entered into valid and enforceable contracts arising

from, and evidenced by, the Parties' acts and conduct. Such contracts governed the Parties'

business relationships. Plaintiffs, Class Members, and Defendants entered into the contracts at

the time Plaintiffs and Class Members became Defendants' clients. Under the terms of the

contracts, in exchange for the payment of lawful fees and commissions by Plaintiffs and Class

Members, Defendants promised to, *inter alia*, properly and carefully manage Plaintiffs' and

Class Members' investment accounts, retirement accounts, and/or other financial accounts, not


I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
May 16, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
*Jamie Smith* Page 7 of 21

7

trade the accounts without authorization, not churn the accounts, and not otherwise mismanage the accounts.

25.     Plaintiffs and Class Members have performed all conditions precedent to such contracts. Defendants, however, repeatedly and systematically breached such implied contracts with Plaintiffs and Class Members by, *inter alia*, knowingly, willfully, wantonly, negligently, and/or wrongfully trading Plaintiffs' and Class Members' investment accounts, retirement accounts, and/or other financial accounts without authorization, churning the accounts, otherwise mismanaging the accounts, and engaging in other deceptive acts and practices.

26.     Defendants' above-described wrongful actions directly and proximately caused Plaintiffs and Class Members to suffer damages and other financial injury and harm in the form of, *inter alia*, frontloaded commission charges on multiple mutual funds, lost economic opportunities, lost value in their accounts, commissions on the churned securities, and other unauthorized trading-related fees, charges, and commissions. Defendants' wrongful actions constitute breach of contract at common law.

**COUNT II**

**BREACH OF IMPLIED CONTRACT**

27.     The preceding factual statements and allegations are incorporated by reference.

28.     In the alternative, Plaintiffs and Class Members, on the one hand, and Defendants, on the other hand, mutually intended to form and, in fact, entered into valid and enforceable implied contracts arising from, and evidenced by, the Parties' acts and conduct. Such implied contracts governed the Parties' business relationships. Plaintiffs, Class Members, and Defendants entered into the implied contracts at the time Plaintiffs and Class Members became Defendants' clients. Under the terms of the implied contracts, in exchange for the payment of lawful fees and

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

May 16, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith   Page 8 of 21

commissions by Plaintiffs and Class Members, Defendants promised to, *inter alia*, properly and carefully manage Plaintiffs' and Class Members' investment accounts, retirement accounts, and/or other financial accounts, not trade the accounts without authorization, not churn the accounts, and not otherwise mismanage the accounts. LPL also impliedly promised to properly supervise and train Anderson.

29.     Plaintiffs and Class Members have performed all conditions precedent to such implied contracts. Defendants, however, repeatedly and systematically breached such implied contracts with Plaintiffs and Class Members by, *inter alia*, knowingly, willfully, wantonly, negligently, and/or wrongfully trading Plaintiffs' and Class Members' investment accounts, retirement accounts, and/or other financial accounts without authorization, churning the accounts, mismanaging the accounts, and engaging in other deceptive acts and practices.

30.     Defendants' above-described wrongful actions directly and proximately caused Plaintiffs and Class Members to suffer damages and other financial injury and harm in the form of, *inter alia*, frontloaded commission charges on multiple mutual funds, lost economic opportunities, lost value in their accounts, commissions on the churned securities, and other unauthorized trading-related fees, charges, and commissions. Defendants' wrongful actions constitute breach of implied contract at common law.

## COUNT III

## BREACH OF FIDUCIARY DUTY

31.     The preceding factual statements and allegations are incorporated by reference.

32.     By virtue of their customer/securities broker relationships, Plaintiffs and Class Members, on the one hand, and Defendants, on the other, were in confidential, special, and fiduciary relationships, pursuant to which Defendants had a duty to, *inter alia*, properly and

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

May 16, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

*Jamie Smith* Page 9 of 21

carefully manage Plaintiffs' and Class Members' investment accounts, retirement accounts, and/or other financial accounts, not trade the accounts without authorization, not churn the accounts, and not otherwise mismanage the accounts. Plaintiffs and Class Members expected and, in fact, trusted Defendants to exercise a reasonable degree of care in doing so and, in fact, Defendants were well aware of Plaintiffs' and Class Members' expectations and trust.

33.     As a fiduciaries, Defendants owed Plaintiffs and Class Members (i) the commitment to deal fairly and honestly, (ii) the duties of good faith and undivided loyalty, and (iii) integrity of the strictest kind. Defendants were obligated to exercise the highest degree of care in carrying out their above-described obligations to Plaintiffs and Class Members under the Parties' confidential, special, and fiduciary relationships.

34.     Defendants, however, breached their fiduciary duty to Plaintiffs and Class Members by, *inter alia*, wrongfully trading Plaintiffs' and Class Members' investment accounts, retirement accounts, and/or other financial accounts without authorization, churning the accounts, otherwise mismanaging the accounts, engaging in other deceptive acts and practices, and violating LPL's Investment Advisor Code of Ethics (the "LPL Code") (*see* below), which covers IARs employed by Defendant LPL Financial, LLC, including Anderson. LPL also breached its fiduciary duty to Plaintiffs and Class Members by failing to properly train and supervise Anderson. In breaching their duties to Plaintiffs and Class Members, Defendants acted intentionally, wantonly, recklessly, and with a complete disregard for Plaintiffs' and Class Members' rights and interests, and the consequences of their actions.

35.     Defendants' above-described wrongful actions directly and proximately caused Plaintiffs and Class Members to suffer damages and other financial injury and harm in the form of, *inter alia,* frontloaded commission charges on multiple mutual funds, lost economic

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

May 16, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

*Jamie Smith* Page 10 of 21

10

opportunities, lost value in their accounts, commissions on the churned securities, and other unauthorized trading-related fees, charges, and commissions. Defendants' wrongful actions constitute breach of fiduciary duty at common law.

**COUNT IV**

**<u>NEGLIGENCE/GROSS NEGLIGENCE</u>**

36.     The preceding factual statements and allegations are incorporated by reference.

37.     As Plaintiffs'' and Class Members' securities broker/financial advisor, Defendants owed Plaintiffs and Class Members the duty to exercise reasonable care in properly and carefully managing Plaintiffs' and Class Members' investment accounts, retirement accounts, and/or other financial accounts, but not trade the accounts without authorization, not churn the accounts, and not otherwise mismanage the accounts.

38.     Defendants breached their duties to Plaintiffs and Class Members by, *inter alia*, wrongfully trading Plaintiffs' and Class Members' investment accounts, retirement accounts, and/or other financial accounts without authorization, churning the accounts, otherwise mismanaging the accounts, engaging in other deceptive acts and practices, and violating the LPL Code (*see* below). LPL also breached its duty to Plaintiffs and Class Members by failing to properly train and supervise Anderson. In breaching their duties to Plaintiffs and Class Members, Defendants acted intentionally, wantonly, recklessly, and with a complete disregard for Plaintiffs' and Class Members' rights and interests, and the consequences of their actions. Plaintiffs' and Class Members' damages and other financial injury and harm were the reasonably foreseeable consequences of Defendants' above-described wrongful actions, negligence, and gross negligence.

39.     Defendants' above-described wrongful actions directly and proximately caused



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
May 16, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith   Page 11 of 21

11

Plaintiffs and Class Members to suffer damages and other financial injury and harm in the form

of, *inter alia*, frontloaded commission charges on multiple mutual funds, lost economic

opportunities, lost value in their accounts, commissions on the churned securities, and other

unauthorized trading-related fees, charges, and commissions. Defendants' wrongful actions

constitute negligence and gross negligence at common law.

COUNT V

**VIOLATION OF THE TEXAS SECURITIES ACT**

**40.**     The preceding factual statements and allegations are incorporated by reference.

**41.**     Pursuant to Section 33-1(A)(2) of the Texas Securities Act, "an investment

adviser or investment adviser representative who commits fraud or engages in a fraudulent

practice in rendering services as an investment adviser is liable to the purchaser."

**42.**     Pursuant to Section 33-1(E)(1) of the Texas Securities Act, "[a] person who

directly or indirectly controls an investment adviser [here, LPL] is jointly and severally liable

with the investment adviser [here, Anderson] under this section, and to the same extent as the

investment adviser … ." Pursuant to Section 33-1(E)(2) of the Texas Securities Act, "[a] person

who directly or indirectly with intent to deceive or defraud or with reckless disregard for the

truth or the law [here, LPL] materially aids an investment adviser [here, Anderson] in conduct

for which a cause of action is authorized by this section is jointly and severally liable with the

investment adviser in an action to recover damages under this section."

**43.**     Defendants engaged in fraudulent practices while rendering services as

investment advisers in violation of Section 33-1(A)(2); (E)(1); (E)(2) of the Texas Securities Act

by, *inter alia*, wrongfully trading Plaintiffs' and Class Members' investment accounts, retirement

accounts, and/or other financial accounts without authorization, churning the accounts, otherwise

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

May 16, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

Jamie Smith  Page 12 of 21

mismanaging the accounts, and engaging in other deceptive acts and practices in complete

disregard for Plaintiffs' and Class Members' rights and interests.

**44.** Defendants' above-described wrongful actions directly and proximately caused

Plaintiffs and Class Members to suffer damages and other financial injury and harm in the form

of, *inter alia*, frontloaded commission charges on multiple mutual funds, lost economic

opportunities, lost value in their accounts, commissions on the churned securities, and other

unauthorized trading-related fees, charges, and commissions. Defendants' wrongful actions

constitute violations of the Texas Securities Act.

## COUNT VI

### NEGLIGENCE *PER SE*

**45.** The preceding factual statements and allegations are incorporated by reference.

**46.** Pursuant to Section 33-1(A)(2) of the Texas Securities Act, "an investment

adviser or investment adviser representative who commits fraud or engages in a fraudulent

practice in rendering services as an investment adviser is liable to the purchaser."

**47.** Pursuant to Section 33-1(E)(1) of the Texas Securities Act, "[a] person who

directly or indirectly controls an investment adviser [here, LPL] is jointly and severally liable

with the investment adviser [here, Anderson] under this section, and to the same extent as the

investment adviser ... ." Section 33-1(E)(2) of the Texas Securities Act, "[a] person who directly

or indirectly with intent to deceive or defraud or with reckless disregard for the truth or the law

[here, LPL] materially aids an investment adviser [here, Anderson] in conduct for which a cause

of action is authorized by this section is jointly and severally liable with the investment adviser

in an action to recover damages under this section."

**48.** Defendants engaged in fraudulent practices while rendering services as

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

May 16, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

Jamie Smith   Page 13 of 21

13

investment advisers in violation of Section 33-1(A)(2); (E)(1); (E)(2) of the Texas Securities Act by, *inter alia*, wrongfully trading Plaintiffs' and Class Members' investment accounts, retirement accounts, and/or other financial accounts without authorization, churning the accounts, otherwise mismanaging the accounts, and engaging in other deceptive acts and practices in complete disregard for Plaintiffs' and Class Members' rights and interests. Defendants' above-described violations of the Texas Securities Act without excuse.

49.    Plaintiffs and Class Members are within the class of persons Section 33-1 of the Texas Securities Act is designed to protect, and the damages and other financial injury and harm they suffered is of the type Section 33-1 of the Texas Securities Act is intended to guard against—pursuant to which tort liability may be imposed.

50.    By its above-described wrongful actions, Defendants also failed to comply with the LPL Code, which covers IARs employed by LPL Financial, LLC, including Anderson. *See* https://lplfinancial.lpl.com/content/dam/lpl- www/documents/ corporate-code-of-ethics.pdf (last visited November 10, 2016).

51.    Pursuant to the LPL Code, "LPL Financial requires Covered Persons [such as IARs] to conduct all business dealings in an ethical fashion and to abide by not only the technical requirements of the Code, but also to the spirit in which it is intended." Also pursuant to the LPL Code, "When dealing with investment advisory clients and services, LPL Financial and its Covered Persons [such as IARs] have an affirmative duty of care, loyalty, honesty and good faith to act in the best interests of its client." Also pursuant to the LPL Code, IARs are not permitted, in connection with the purchase or sale, directly or indirectly, of a security held or to be acquired by a client to, among other things, (i) "Defraud a client in any manner," ... (ii) "Engage in any



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
May 16, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Jamie Smith  Page 14 of 21

14

act, practice or course of conduct that operates or would operate as a fraud or deceit on a client," and (iii) "Engage in any manipulative practice with respect to a client."

52.     Defendants violated the LPL Code by, *inter alia*, wrongfully trading Plaintiffs' and Class Members' investment accounts, retirement accounts, and/or other financial accounts without authorization, churning the accounts, otherwise mismanaging the accounts, and engaging in other deceptive acts and practices in complete disregard for Plaintiffs' and Class Members' rights and interests. Defendants' above-described violations are without excuse.

53.     Plaintiffs and Class Members are within the class of persons the LPL Code is designed to protect, and the damages and other financial injury and harm they suffered is of the type the LPL Code is intended to prevent—pursuant to which tort liability may be imposed.

54.     Defendants' above-described wrongful actions directly and proximately caused Plaintiffs and Class Members to suffer damages and other financial injury and harm in the form of, *inter alia*, frontloaded commission charges on multiple mutual funds, lost economic opportunities, lost value in their accounts, commissions on the churned securities, and other unauthorized trading-related fees, charges, and commissions.

55.     Defendants' above-described violations of Section 33-1 of the Texas Securities Act and the LPL Code constitute negligence *per se* at common law.

## COUNT VII
### VIOLATIONS OF THE TEXAS DECEPTIVE
### TRADE PRACTICES-CONSUMER PROTECTION ACT

56.     The preceding factual statements and allegations are incorporated by reference.

57.     Pursuant to TEX. BUS. & COM. CODE §17.45(4), Plaintiffs and Class Members are "consumers" under the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA").



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
May 16, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith   Page 15 of 21

Pursuant to TEX. BUS. & COM. CODE §17.45(3), Defendants are "persons" that may be sued under the DTPA.

58.     Plaintiffs prospectively assert that Defendants knowingly and intentionally violated Section 17.50(a)(3) of the Texas Business and Commerce Code by engaging in unconscionable actions and/or an unconscionable course of action; to wit, wrongfully trading Plaintiffs' and Class Members' investment accounts, retirement accounts, and/or other financial accounts without authorization, churning the accounts, otherwise mismanaging the accounts, engaging in other deceptive acts and practices, and violating the LPL Code—in complete disregard for Plaintiffs' and Class Members' rights and interests and the consequences of their actions. Defendants' wrongful actions took advantage of Plaintiffs' and Class Members' lack of knowledge, ability, and experience to a grossly unfair degree to Defendants' financial benefit and Plaintiffs' and Class Members' financial detriment.

59.     Defendants' above-described wrongful actions in violation of the Texas DTPA directly and proximately caused Plaintiffs and Class Members to suffer damages and other financial injury and harm in the form of, *inter alia*, frontloaded commission charges on multiple mutual funds, lost economic opportunities, lost value in their accounts, commissions on the churned securities, and other unauthorized trading-related fees, charges, and commissions.

60.     Concurrent with filing this Original Complaint and Jury Demand, Plaintiffs served a 60-day demand letter on Defendants pursuant to 17.505 of the Texas Civil Practice and Remedies Code. Should this matter not be resolved to Plaintiffs' satisfaction within the 60-day period, Plaintiffs intend to amend this Original Petition to formally assert the above claims and causes of action (and possibly others) pursuant to the Texas DTPA.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
May 16, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Jamie Smith   Page 16 of 21

16

## COUNT VIII

### MONEY HAD AND RECEIVED

61.    The preceding factual statements and allegations are incorporated by reference.

62.    By their above-described wrongful actions, Defendants hold money—*i.e.*, *inter alia*, the wrongfully charged and collected frontloaded commission charges on multiple mutual funds, commissions on the churned securities, and other unauthorized trading-related fees, charges, and commissions—that, in equity and good conscience, belong to Plaintiffs and Class Members. Defendants, therefore, should be compelled to refund such wrongfully charged and collected fees, charges, and commissions under the equitable doctrine of money had and received.

### COUNT IX

### UNJUST ENRICHMENT/ASSUMPSIT/*QUANTUM MERUIT*

63.    The preceding factual statements and allegations are incorporated by reference.

64.    Plaintiffs plead this Count in the alternative to their contract claims (Counts I and II) because they cannot recover under this Count and under Counts I and II.

65.    As Defendants' customers, Plaintiffs and Class Members conferred valuable benefits on Defendants in the form of, *inter alia*, the wrongfully charged and collected frontloaded commission charges on multiple mutual funds, commissions on the churned securities, and other unauthorized trading-related fees, charges, and commissions.

66.    Defendants accepted such valuable benefits from Plaintiffs and Class Members. As such, Defendants have been (and continue to be) unjustly enriched by, *inter alia*, (i) such wrongfully charged and collected frontloaded commission charges on multiple mutual funds, commissions on the churned securities, and other unauthorized trading-related fees, charges, and commissions, and (ii) the return on investment generated by Defendants on such amounts.

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

May 16, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

*Jamie Smith* Page 17 of 21

67.     Defendants, therefore, as a matter of justice, equity, and good conscience, should
be compelled to refund (or disgorge) such wrongfully charged and collected frontloaded
commission charges on multiple mutual funds, commissions on the churned securities, and other
unauthorized trading-related fees, charges, and commissions, and the corresponding return on
investment under the common law doctrines of unjust enrichment and *quantum meruit*, and the
duty to make restitution under the common law equitable doctrine of assumpsit.

## TOLLING OF THE STATUTES OF LIMITATION

68.     The preceding factual statements and allegations are incorporated by reference.

69.     **FRAUDULENT CONCEALMENT.** Defendants took active steps to conceal their
above-described wrongful actions. The details of Defendants' efforts to conceal their unlawful
conduct are in their possession, custody, and control, to the exclusion of Plaintiffs, and await
further discovery. When this material information was first revealed to Plaintiffs, they exercised
due diligence by investigating the situation, retaining counsel, and pursuing their claims.
Defendants fraudulently concealed their wrongful conduct. Should such be necessary, therefore,
all applicable statutes of limitation (if any) are tolled under the fraudulent concealment doctrine.

70.     **EQUITABLE ESTOPPEL.** Defendants took active steps to conceal their above-
described wrongful actions. The details of Defendants' efforts to conceal their unlawful conduct
are in their possession, custody, and control, to the exclusion of Plaintiffs, and await further
discovery. When this material information was first revealed to Plaintiffs, they exercised due
diligence by investigating the situation, retaining counsel, and pursuing their claims. Defendants
concealed their wrongful conduct. Should such be necessary, therefore, all applicable statutes of
limitation (if any) are tolled under the doctrine of equitable estoppel.

71.     **EQUITABLE TOLLING.** Defendants took active steps to conceal their above-

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

May 16, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

*Jamie Smith* Page 18 of 21

18

described wrongful actions. The details of Defendants' efforts to conceal their unlawful conduct are in their possession, custody, and control, to the exclusion of Plaintiffs, and await further discovery. When this material information was first revealed to Plaintiffs, they exercised due diligence by investigating the situation, retaining counsel, and pursuing their claims. Defendants concealed their wrongful conduct. Should such be necessary, therefore, all applicable statutes of limitation (if any) are tolled under the doctrine of equitable tolling.

### *RESPONDEAT SUPERIOR/AGENCY*

72.     The preceding factual statements and allegations are incorporated by reference.

73.     LPL also is liable for the above-described wrongful actions committed by Anderson, its former employee and IAR, during the course and scope of his employment by, and his respective representation of, LPL, under the doctrines of *respondeat superior* and/or agency theory; to wit, such wrongful conduct was committed (i) within LPL's general authority, (ii) in furtherance of LPL's business, and (iii) to accomplish the objective for which Anderson was hired—all of which directly and proximately caused Plaintiffs and Class Members to suffer the above-described damages and other financial injury and harm.

### RELIEF REQUESTED

74.     The preceding factual statements and allegations are incorporated by reference.

75.     **ACTUAL AND CONSEQUENTIAL DAMAGES.** As a direct and proximate result of Defendants' above-described wrongful actions, Plaintiffs and Class Members have sustained (and will continue to sustain) actual damages, consequential damages, and other financial injury and harm, in the form of, *inter alia*, frontloaded commission charges on multiple mutual funds, lost economic opportunities, lost value in their accounts, commissions on the churned securities, and other unauthorized trading-related fees, charges, and commissions. Alternatively, Plaintiffs and

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
May 16, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Jamie Smith  Page 19 of 21

Class Members are entitled to equitable relief in the form of all amounts by which Defendants

have been unjustly enriched, including such wrongfully charged and collected frontloaded

commission charges on multiple mutual funds, commissions on the churned securities, other

unauthorized trading-related fees, charges, and commissions, and Defendants' corresponding

return on investment. All of the damages and other financial injury and harm sustained by

Plaintiffs and Class Members were reasonably foreseeable by Defendants. All conditions

precedent to Plaintiffs' and Class Members' claims for relief have been performed or occurred.

76.     **PUNITIVE DAMAGES.** Defendants' wrongful actions were committed intentionally,

willfully, wantonly, and with reckless disregard for Plaintiffs' and Class Members' rights and

interests. Accordingly, Plaintiffs and Class Members are entitled to recover punitive damages from

Defendants as punishment, and to discourage such wrongful conduct in the future. All conditions

precedent to Plaintiffs' and Class Members' claims for relief have been performed or occurred.

77.     **DTPA TREBLE DAMAGES.** Plaintiffs and Class Members also are entitled to treble

damages for Defendants' knowing, willful, and intentional wrongful conduct in violation of TEX.

BUS. & COM. CODE §17.50(b)(1). All conditions precedent to Plaintiffs' and Class Members'

claims for relief have been performed or occurred.

78.     **ATTORNEYS' FEES, LITIGATION EXPENSES AND COSTS.** Plaintiffs and Class

Members also are entitled to recover their attorneys' fees, litigation expenses, and court costs

pursuant to, *inter alia*, Chapter 38 of the Texas Civil Practice and Remedies Code, and TEX. BUS.

& COM. CODE §17.50(d). All conditions precedent to Plaintiffs' and Class Members' claims for

attorneys' fees, litigation expenses, and court costs have been performed or occurred.

**WHEREFORE,** Plaintiffs, for themselves and Class Members, respectfully request that

(i) Defendants be cited to appear and answer this lawsuit, (ii) this action be certified as a class

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

May 16, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

Jamie Smith   Page 20 of 21

20

action, (iii) Plaintiffs be designated the Class Representatives, and (iv) Plaintiffs' counsel be appointed Class Counsel. Plaintiffs, for themselves and Class Members, further request that upon final trial or hearing, judgment be awarded against Defendants, jointly and severally, for:

(i)     actual and consequential damages (as set forth above) or, in the alternative, equitable relief (as set forth above), in an amount to be determined by the trier of fact;

(ii)    punitive damages;

(iii)   treble damages;

(iv)    pre- and post-judgment interest at the highest legal rates;

(v)     attorneys' fees and litigation expenses;

(vi)    costs of suit; and

(vii)   other and further relief to which Plaintiffs and Class Members are justly entitled.

Date: November 16, 2016

                                   Respectfully submitted,

                          By:      Richard L. Coffman
                                   Texas State Bar No. 04497460
                                   **THE COFFMAN LAW FIRM**
                                   505 Orleans St., Fifth Floor
                                   Beaumont, TX 77701
                                   Telephone: (409) 833-7700
                                   Facsimile: (866) 835-8250
                                   Email: rcoffman@coffmanlawfirm.com

                                   Mitchell A. Toups
                                   Texas State Bar No. 20151600
                                   **WELLER, GREEN TOUPS & TERRELL, LLP**
                                   2615 Calder Ave., Suite 400
                                   Beaumont, TX 77702
                                   Telephone: (409) 838-0101
                                   Facsimile: (409) 838-6780
                                   Email: matoups@wgttlaw.com

                                   **ATTORNEYS FOR PLAINTIFFS
                                   AND THE PUTATIVE CLASS**



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
May 16, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith        Page 21 of 21

21