# EXHIBIT 5

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
4/6/2017 8:27:12 AM
JAMIE SMITH
DISTRICT CLERK
A-199270

NO. A-199270

| | | |
|---|---|---|
| ELIJAH DENSON, JR. and<br>OLAN WEEKS,<br>    on behalf of themselves and<br>    all others similarly situated, | § § § § § | |
| | § | IN THE DISTRICT COURT OF |
| PLAINTIFFS | § | |
| | § | JEFFERSON COUNTY, TEXAS |
| v. | § | |
| | § | |
| LPL FINANCIAL, LLC and<br>JASON N. ANDERSON, | § § | 58th JUDICIAL DISTRICT |
| | § | |
| DEFENDANTS | § | |

## PLAINTIFFS' FIRST AMENDED CLASS ACTION PETITION

**TO THE HONORABLE COURT:**

Plaintiffs Elijah Denson, Jr. ("Denson") and Olan Weeks ("Weeks") (together, "Plaintiffs"), on behalf of themselves and all others similarly situated Texas residents ("Class Members"), bring this action against Defendants LPL Financial, LLC ("LPL") and Jason N. Anderson ("Anderson") (together, "Defendants"), and respectfully state the following:

### NATURE OF THE CASE

1.      This is a class action against Defendants LPL and Anderson, LPL's former representative, agent, and employee, for Defendants' unauthorized trading, churning, and mismanagement of Plaintiffs' and Class Members' investment accounts, retirement accounts, and/or other financial accounts, from April 2007 through January 2016, the time period during which Anderson was employed by LPL as a securities broker and financial advisor.

2.      Plaintiffs, on behalf of themselves and Class Members, assert claims for breach of contract, breach of implied contract, breach of fiduciary duty, negligence/gross negligence, negligence per se, breach of the Texas Securities Act, breach of the Texas Deceptive Trade

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
May 16, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith   Page 1 of 24

Practices-Consumer Protection Act, unjust enrichment, *quantum meruit*, assumpsit, and *respondeat superior*, and seek to recover (i) actual and consequential damages, (ii) punitive damages, (iii) treble damages, and (iv) attorneys' fees, litigation expenses, and costs.

3.      Plaintiffs, on behalf of themselves and Class Members, seek monetary relief over $1.0 million. TEX. R. CIV. P. 47(c)(5). Plaintiffs, on behalf of themselves and Class Members, also demand judgment for all other relief to which they are justly entitled. TEX. R. CIV. P. 47(d).

## DISCOVERY PLAN

4.      Plaintiffs, on behalf of themselves and Class Members, intend to seek entry of a Level 3 order requiring a discovery control plan tailored to the specific circumstances of this action. TEX. R. CIV. P. 190.4.

## PARTIES

5.      Plaintiff Denson is a citizen and resident of Jefferson County, Texas, whose IRA account was traded and/or churned by Defendants, without his authorization or permission, and generally mismanaged by Defendants, thereby causing him to suffer substantial damages. Denson is over 65 years of age.

6.      Plaintiff Weeks is a citizen and resident of Orange County, Texas, whose investment account, retirement account, and/or other financial account(s) were traded and/or churned by Defendants, without his authorization or permission, and generally mismanaged by Defendants, thereby causing him to suffer substantial damages. Weeks is over 65 years of age.

7.      Defendant LPL is a California limited liability company with its principal place of business in Boston, Massachusetts. LPL is the largest independent broker-dealer in the United States with more than 14,000 financial advisors, over $485 billion in advisory & brokerage assets, and approximately $4.275 billion in revenue for the 2015 fiscal year. At all relevant

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
May 16, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Jamie Smith  Page 2 of 24

2

times, LPL was qualified to conduct, conducted, and continues to conduct business in the State of Texas, including Jefferson County, Texas. LPL was served with Citation and a copy of the Original Class Action Petition.

8.      Defendant Anderson is a citizen and resident of Jefferson County, Texas. From April 2007 through January 22, 2016, Anderson was employed by LPL as an Investment Advisor Representative (IAR), which at LPL, is a combination securities broker and financial advisor. As an IAR, Anderson was a representative and agent of LPL. While employed by LPL, Anderson was Plaintiffs' and Class Members' IAR. As their IAR and LPL's representative and agent, Anderson traded (without authorization), churned, and mismanaged their investment accounts, retirement accounts, and/or other financial accounts. On January 22, 2016, LPL terminated Anderson for conducting discretionary trading in a Class Members' investment account without authorization in violation of LPL firm policy even though LPL knew (or should have known) Anderson had repeatedly engaged in such unlawful activity for quite some time. Anderson then went to work for Kovack Securities, Inc., but was terminated less than four months later for failing to follow the rules. Anderson then went to work for IFS Securities where he is currently employed as a securities broker and financial advisor. Anderson was served with Citation and a copy of the Original Class Action Petition.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over Plaintiffs' claims because the amount in controversy is within the Court's jurisdictional limits. TEX. R. CIV. P. 47(b). This Court also has subject matter jurisdiction over this case pursuant to TEX. GOVM'T CODE § 24.007(b). This Court has personal jurisdiction over Defendants because at all relevant times, they conducted (and continue to conduct) business in Jefferson County, Texas.

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
May 16, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Janie Smith Page 3 of 24

10.     Venue is proper in Jefferson County, Texas, pursuant to TEX. CIV. PRAC. & REM.
CODE § 15.002(a)(1); (a)(2) and TEX. CIV. PRAC. & REM. CODE § 15.005.

## FACTS

### Plaintiff Elijah Denson

11.     Denson invested approximately $1 million of his retirement funds with
Defendants in 2007.

12.     From 2007-2016, under Defendants' watch, Denson's IRA account substantially
diminished in value. During the last two years, and specifically due to (i) Defendants'
unauthorized trading, churning, general account mismanagement, and engaging in other
deceptive acts and practices, and (ii) LPL's failure to properly train and supervise Anderson,
Denson lost over $130,000 in the account in the form of, *inter alia*, frontloaded commission
charges on multiple mutual funds, lost economic opportunities, lost value in the account,
commissions on the churned securities, and other unauthorized trading-related fees, charges, and
commissions—which Denson is entitled to recover from Defendants. Denson is no longer an
LPL client.

### Plaintiff Olan Weeks

13.     Weeks invested approximately $2.5 million of his retirement funds with Anderson
and LPL in 2007.

14.     From 2007-2016, under Defendants' watch, Weeks' investment account
substantially diminished in value. During the last four years, and specifically due to (i)
Defendants' unauthorized trading, churning, general account mismanagement, and engaging in
other deceptive acts and practices, and (ii) LPL's failure to properly train and supervise
Anderson, Weeks lost over $500,000 in the account in the form of, *inter alia*, frontloaded

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

May 16, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

Janie Smith Page 4 of 24

commission charges on multiple mutual funds, lost economic opportunities, lost value in the account, commissions on the churned securities, and other unauthorized trading-related fees, charges, and commissions—which Weeks is entitled to recover from Defendants. Weeks is no longer an LPL client.

### Class Members

15.     On information and belief, Defendants engaged in the above-described virtually identical wrongful actions—to wit, unauthorized trading, churning, general account mismanagement, and engaging in other deceptive acts and practices—in the investment accounts, retirement accounts, and/or other financial accounts of hundreds of other persons (*i.e.*, Class Members), causing substantial losses in the form of, *inter alia*, frontloaded commission charges on multiple mutual funds, lost economic opportunities, lost value in the accounts, commissions on the churned securities, and other unauthorized trading-related fees, charges, and commissions—which Plaintiffs and Class Members are entitled to recover from Defendants.

### CLASS ACTION ALLEGATIONS

16.     Pursuant to TEX. R. CIV. P. 42, Plaintiffs bring this action as a class action on behalf of himself and all members of the following Class of similarly situated persons and entities:

> All current and former LPL Financial, LLC clients who are Texas residents, and whose Investment Advisor Representative was Jason N. Anderson.

Excluded from the Class are (i) LPL senior executives and their immediate family members, (ii) the Court, Court personnel, and their immediate family members, and (iii) Defendant Anderson and his immediate family members.

17.     On information and belief, the proposed Class consists of hundreds of individuals and entities, the joinder of which in one action is impracticable. The precise number and

I CERTIFY THIS IS A TRUE COPY

May 16, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

Jamie Smith    Page 5 of 24

5

identities of the Class Members are currently unknown to Plaintiffs, but can easily be derived from Defendants' records.

18.     Defendants violated the rights and interests of each Class Member in the same manner by their above-described uniform wrongful actions—to wit, wrongfully trading Plaintiffs' and Class Members' investment accounts, retirement accounts, and/or other financial accounts without authorization, churning the accounts, otherwise mismanaging the accounts, engaging in other deceptive acts and practices, violating LPL's Investment Advisor Code of Ethics, and failing to properly train and supervise Anderson.

19.     Common questions of law and fact predominate over any questions affecting individual Class Members including, *inter alia*:

(i)     whether Defendants' above-described wrongful actions constitute breach of contract;

(ii)    whether Defendants' above-described wrongful actions constitute breach of implied contract;

(iii)   whether Defendants' above-described wrongful actions constitute breach of fiduciary duty;

(iv)    whether Defendants' above-described wrongful actions constitute negligence, gross negligence, and/or negligence *per se*;

(v)     whether Defendants' above-described wrongful actions constitute breach of the Texas Securities Act;

(vi)    whether Defendants' above-described wrongful actions constitute breach of the Texas Deceptive Trade Practices-Consumer Protection Act;

(vii)   whether Defendants should be compelled to refund (or disgorge) the amounts by which they have been unjustly enriched or compelled to make restitution under the common law equitable doctrine of money had and received;

(viii)  whether Defendants should be compelled to refund (or disgorge) the amounts by which they have been unjustly enriched or compelled to make restitution under the common law equitable doctrine of assumpsit;

I CERTIFY This is A TRUE COPY
Witness my Hand and Seal of Office

May 16, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

Jamie Smith   Page 6 of 24

6

(ix)   whether Defendants should be compelled to refund (or disgorge) the amounts by which they have been unjustly enriched or compelled to make restitution under the common law equitable doctrine of *quantum meruit*;

(x)   whether Defendants' above-described wrongful actions directly or proximately caused Plaintiffs and Class Members to suffer damages; and

(xi)   whether Plaintiffs and Class Members are entitled to recover actual damages, consequential damages, punitive damages, treble damages, pre- and post-judgment interest, attorneys' fees, litigation expenses, and court costs and, if so, the amount of the recovery.

**20.**   Plaintiffs' claims are typical of Class Members' claims because Plaintiffs and Class Members are all victims of Defendants' above-described wrongful actions.

**21.**   Plaintiffs and their counsel will fairly and adequately represent the interests of Class Members. Plaintiffs have no interests antagonistic to, or in conflict with, those of any of the Class Members. Plaintiffs' counsel is experienced in leading and prosecuting class actions and complex commercial litigation, including class actions against securities brokerage firms.

**22.**   A class action is superior to all other available methods for fairly and efficiently adjudicating Plaintiffs' and Class Members' claims. Plaintiffs and Class Members have been harmed as a direct and proximate result of Defendants' above-described wrongful actions. Litigating this case as a class action is appropriate because (i) it will avoid a multiplicity of suits and the corresponding burden on the courts and Parties, (ii) it would be virtually impossible for all Class Members to intervene as parties-plaintiff in this action, (iii) it will allow numerous persons with claims too small to adjudicate on an individual basis because of prohibitive litigation costs to obtain redress for their injuries, and (iv) it will provide court oversight of the claims process once Defendants' liability is adjudicated.

**23.**   Certification, therefore, is appropriate under TEX. R. CIV. P. 42(b)(3) because the above-described common questions of law or fact predominate over any questions affecting

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

May 16, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY,TEXAS

*Jamie Smith* Page 7 of 24

individual Class Members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

    **24.**    Certification also is appropriate under TEX. R. CIV. P. 42(b)(1) because the prosecution of separate actions by individual Class Members would create a risk of (i) inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants, or (ii) adjudications with respect to individual Class Members, which as a practical matter would be dispositive of the interests of the other Class Members not parties to the adjudications, or substantially impair or impede their ability to protect their interests

    **25.**    Absent a class action, Defendants will retain the benefits of their wrongdoing despite violating the law and inflicting substantial damages on Plaintiffs and Class Members.

### CLAIMS FOR RELIEF/ CAUSES OF ACTION

### COUNT I

### BREACH OF CONTRACT

    **26.**    The preceding factual statements and allegations are incorporated by reference.

    **27.**    Plaintiffs and Class Members, on the one hand, and Defendants, on the other hand, mutually intended to form and, in fact, entered into valid and enforceable contracts arising from, and evidenced by, the Parties' acts and conduct. Such contracts governed the Parties' business relationships. Plaintiffs, Class Members, and Defendants entered into the contracts at the time Plaintiffs and Class Members became Defendants' clients. Under the terms of the contracts, in exchange for the payment of lawful fees and commissions by Plaintiffs and Class Members, Defendants promised to, *inter alia*, properly and carefully manage Plaintiffs' and Class Members' investment accounts, retirement accounts, and/or other financial accounts, not

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
May 16, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Janie Smith   Page 8 of 24

8

trade the accounts without authorization, not churn the accounts, and not otherwise mismanage

the accounts. LPL also promised to properly train and supervise Anderson.

28.      Plaintiffs and Class Members performed all conditions precedent to such

contracts. Defendants, however, repeatedly and systematically breached such implied contracts

with Plaintiffs and Class Members by, *inter alia*, knowingly, willfully, wantonly, negligently,

and/or wrongfully trading Plaintiffs' and Class Members' investment accounts, retirement

accounts, and/or other financial accounts without authorization, churning the accounts, otherwise

mismanaging the accounts, and engaging in other deceptive acts and practices. LPL also failed to

properly train and supervise Anderson.

29.      Defendants' above-described wrongful actions directly and proximately caused

Plaintiffs and Class Members to suffer damages and other financial injury and harm in the form

of, *inter alia*, frontloaded commission charges on multiple mutual funds, lost economic

opportunities, lost value in their accounts, commissions on the churned securities, and other

unauthorized trading-related fees, charges, and commissions—which Plaintiffs and Class

Members are entitled to recover from Defendants. Defendants' wrongful actions constitute

breach of contract at Texas common law.

## COUNT II

## **BREACH OF IMPLIED CONTRACT**

30.      The preceding factual statements and allegations are incorporated by reference.

31.      In the alternative, Plaintiffs and Class Members, on the one hand, and Defendants,

on the other hand, mutually intended to form and, in fact, entered into valid and enforceable

implied contracts arising from, and evidenced by, the Parties' acts and conduct. Such implied

contracts governed the Parties' business relationships. Plaintiffs, Class Members, and Defendants

CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
May 16, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Jamie Smith   Page 9 of 24

entered into the implied contracts at the time Plaintiffs and Class Members became Defendants'

clients. Under the terms of the implied contracts, in exchange for the payment of lawful fees and

commissions by Plaintiffs and Class Members, Defendants promised to, *inter alia*, properly and

carefully manage Plaintiffs' and Class Members' investment accounts, retirement accounts,

and/or other financial accounts, not trade the accounts without authorization, not churn the

accounts, and not otherwise mismanage the accounts. LPL also impliedly promised to properly

train and supervise Anderson.

32.      Plaintiffs and Class Members performed all conditions precedent to such implied

contracts. Defendants, however, repeatedly and systematically breached such implied contracts

with Plaintiffs and Class Members by, *inter alia*, knowingly, willfully, wantonly, negligently,

and/or wrongfully trading Plaintiffs' and Class Members' investment accounts, retirement

accounts, and/or other financial accounts without authorization, churning the accounts,

mismanaging the accounts, and engaging in other deceptive acts and practices. LPL also failed to

properly train and supervise Anderson.

33.      Defendants' above-described wrongful actions directly and proximately caused

Plaintiffs and Class Members to suffer damages and other financial injury and harm in the form

of, *inter alia*, frontloaded commission charges on multiple mutual funds, lost economic

opportunities, lost value in their accounts, commissions on the churned securities, and other

unauthorized trading-related fees, charges, and commissions—which Plaintiffs and Class

Members are entitled to recover from Defendants. Defendants' wrongful actions constitute

breach of implied contract at Texas common law.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

May 16, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith Page 10 of 24

10

## COUNT III

### <u>BREACH OF FIDUCIARY DUTY</u>

34.     The preceding factual statements and allegations are incorporated by reference.

35.     By virtue of their customer/securities broker relationships, Plaintiffs and Class Members, on the one hand, and Defendants, on the other, were in confidential, special, and fiduciary relationships, pursuant to which Defendants had a fiduciary duty to, *inter alia*, properly and carefully manage Plaintiffs' and Class Members' investment accounts, retirement accounts, and/or other financial accounts, not trade the accounts without authorization, not churn the accounts, not otherwise mismanage the accounts, and, in the case of LPL, properly train and supervise Anderson. Plaintiffs and Class Members expected and, in fact, trusted Defendants to exercise a reasonable degree of care in doing so and, in fact, Defendants were well aware of Plaintiffs' and Class Members' expectations and trust.

36.     As fiduciaries, Defendants owed Plaintiffs and Class Members (i) the commitment to deal fairly and honestly, (ii) the duties of good faith and undivided loyalty, and (iii) integrity of the strictest kind. Defendants were obligated to exercise the highest degree of care in carrying out their above-described obligations to Plaintiffs and Class Members under the Parties' confidential, special, and fiduciary relationships.

37.     Defendants, however, breached their fiduciary duty to Plaintiffs and Class Members by, *inter alia*, wrongfully trading Plaintiffs' and Class Members' investment accounts, retirement accounts, and/or other financial accounts without authorization, churning the accounts, otherwise mismanaging the accounts, engaging in other deceptive acts and practices, and violating LPL's Investment Advisor Code of Ethics (the "LPL Code") (*see* below), which covers IARs employed by Defendant LPL Financial, LLC, including Anderson. LPL also

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

May 16, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

Jamie Smith Page 11 of 24

breached its fiduciary duty to Plaintiffs and Class Members by failing to properly train and supervise Anderson. In breaching their duties to Plaintiffs and Class Members, Defendants acted intentionally, wantonly, recklessly, and with a complete disregard for Plaintiffs' and Class Members' rights and interests, and the consequences of their actions.

38.     Defendants' above-described wrongful actions directly and proximately caused Plaintiffs and Class Members to suffer damages and other financial injury and harm in the form of, *inter alia*, frontloaded commission charges on multiple mutual funds, lost economic opportunities, lost value in their accounts, commissions on the churned securities, and other unauthorized trading-related fees, charges, and commissions—which Plaintiffs and Class Members are entitled to recover from Defendants. Defendants' wrongful actions constitute breach of fiduciary duty at Texas common law.

**COUNT IV**

**NEGLIGENCE/GROSS NEGLIGENCE**

39.     The preceding factual statements and allegations are incorporated by reference.

40.     As Plaintiffs' and Class Members' securities broker/financial advisor, Defendants owed Plaintiffs and Class Members the duty to exercise reasonable care in properly and carefully managing Plaintiffs' and Class Members' investment accounts, retirement accounts, and/or other financial accounts, but not trade the accounts without authorization, not churn the accounts, and not otherwise mismanage the accounts. LPL also owed Plaintiffs and Class Members the duty to properly train and supervise Anderson.

41.     Defendants breached their duties to Plaintiffs and Class Members by, *inter alia*, wrongfully trading Plaintiffs' and Class Members' investment accounts, retirement accounts, and/or other financial accounts without authorization, churning the accounts, otherwise

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

May 16, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith  Page 12 of 24

mismanaging the accounts, engaging in other deceptive acts and practices, and violating the LPL

Code (*see* below). LPL also breached its duty to Plaintiffs and Class Members by failing to

properly train and supervise Anderson. In breaching their duties to Plaintiffs and Class Members,

Defendants acted intentionally, wantonly, recklessly, and with a complete disregard for

Plaintiffs' and Class Members' rights and interests, and the consequences of their actions.

Plaintiffs' and Class Members' damages and other financial injury and harm were the reasonably

foreseeable consequences of Defendants' above-described wrongful actions, negligence, and

gross negligence.

    **42.**    Defendants' above-described wrongful actions directly and proximately caused

Plaintiffs and Class Members to suffer damages and other financial injury and harm in the form

of, *inter alia*, frontloaded commission charges on multiple mutual funds, lost economic

opportunities, lost value in their accounts, commissions on the churned securities, and other

unauthorized trading-related fees, charges, and commissions—which Plaintiffs and Class

Members are entitled to recover from Defendants. Defendants' wrongful actions constitute

negligence and gross negligence at Texas common law.

**COUNT V**

**VIOLATION OF THE TEXAS SECURITIES ACT**

    **43.**    The preceding factual statements and allegations are incorporated by reference.

    **44.**    Pursuant to Section 33-1(A)(2) of the Texas Securities Act, "an investment

adviser or investment adviser representative who commits fraud or engages in a fraudulent

practice in rendering services as an investment adviser is liable to the purchaser."

    **45.**    Defendants engaged in the above-described fraudulent practices while rendering

services as investment advisors in violation of Section 33-1(A)(2) of the Texas Securities Act by,

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

May 16, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

*Jamie Smith* Page 13 of 24

*inter alia*, wrongfully trading Plaintiffs' and Class Members' investment accounts, retirement accounts, and/or other financial accounts without authorization, churning the accounts, otherwise mismanaging the accounts, engaging in other deceptive acts and practices, and, in the case of LPL, failing to properly train and supervise Anderson—all in complete disregard for Plaintiffs' and Class Members' rights and interests. As such, Defendants are liable to Plaintiffs and Class Members.

46.     Pursuant to Section 33-1(E)(1) of the Texas Securities Act, "[a] person who directly or indirectly controls an investment adviser is jointly and severally liable with the investment adviser under this section, and to the same extent as the investment adviser ... ." Pursuant to Section 33-1(E)(2) of the Texas Securities Act, "[a] person who directly or indirectly with intent to deceive or defraud or with reckless disregard for the truth or the law materially aids an investment adviser in conduct for which a cause of action is authorized by this section is jointly and severally liable with the investment adviser in an action to recover damages under this section."

47.     LPL directly controlled Anderson, its employee, agent, and representative. LPL also directly or indirectly, with the intent to deceive or defraud or with reckless disregard for the truth or the law, materially aided Anderson in the above-described fraudulent practices. Pursuant to Section 33-1(E)(1) and E(2) of the Texas Securities Act, therefore, LPL is jointly and severally liable to Plaintiffs and Class Members with Anderson.

48.     Defendants' above-described wrongful actions directly and proximately caused Plaintiffs and Class Members to suffer damages and other financial injury and harm in the form of, *inter alia*, frontloaded commission charges on multiple mutual funds, lost economic opportunities, lost value in their accounts, commissions on the churned securities, and other

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

May 16, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

Jamie Smith Page 14 of 24

unauthorized trading-related fees, charges, and commissions—which Plaintiffs and Class

Members are entitled to recover from Defendants. Defendants' wrongful actions constitute

violations of the Texas Securities Act.

### COUNT VI

### NEGLIGENCE *PER SE*

49.     The preceding factual statements and allegations are incorporated by reference.

50.     Pursuant to Section 33-1(A)(2) of the Texas Securities Act, "an investment

adviser or investment adviser representative who commits fraud or engages in a fraudulent

practice in rendering services as an investment adviser is liable to the purchaser."

51.     Pursuant to Section 33-1(E)(1) of the Texas Securities Act, "[a] person who

directly or indirectly controls an investment adviser is jointly and severally liable with the

investment adviser under this section, and to the same extent as the investment adviser ... ."

Pursuant to Section 33-1(E)(2) of the Texas Securities Act, "[a] person who directly or indirectly

with intent to deceive or defraud or with reckless disregard for the truth or the law materially

aids an investment adviser in conduct for which a cause of action is authorized by this section is

jointly and severally liable with the investment adviser in an action to recover damages under

this section."

52.     As set forth above, Defendants engaged in fraudulent practices while rendering

services as investment advisors in violation of Section 33-1(A)(2) of the Texas Securities Act,

for which they are jointly liable to Plaintiffs and Class Members under Section 33-1 (E)(1);

(E)(2) of the Texas Securities Act; to wit, Defendants wrongfully traded Plaintiffs' and Class

Members' investment accounts, retirement accounts, and/or other financial accounts without

authorization, churned the accounts, otherwise mismanaged the accounts, engaged in other

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

May 16, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith   Page 15 of 24

deceptive acts and practices, and, in the case of LPL, failed to properly train and supervise Anderson—all in complete disregard for Plaintiffs' and Class Members' rights and interests. Defendants' above-described violations of the Texas Securities Act are without excuse.

53.     Plaintiffs and Class Members are within the class of persons Section 33-1 of the Texas Securities Act is designed to protect, and the damages and other financial injury and harm they suffered is of the type Section 33-1 of the Texas Securities Act is intended to guard against—pursuant to which liability may be imposed.

54.     By their above-described wrongful actions, Defendants also failed to comply with the LPL Code, which covers IARs employed by LPL Financial, LLC, including Anderson. *See* https://lplfinancial.lpl.com/content/dam/lpl- www/documents/ corporate-code-of-ethics.pdf (last visited November 10, 2016).

55.     Pursuant to the LPL Code, "LPL Financial requires Covered Persons [such as IARs] to conduct all business dealings in an ethical fashion and to abide by not only the technical requirements of the Code, but also to the spirit in which it is intended." Also pursuant to the LPL Code, "When dealing with investment advisory clients and services, LPL Financial and its Covered Persons [such as IARs] have an affirmative duty of care, loyalty, honesty and good faith to act in the best interests of its client." Also pursuant to the LPL Code, IARs are not permitted, in connection with the purchase or sale, directly or indirectly, of a security held or to be acquired by a client to, among other things, (i) "Defraud a client in any manner," … (ii) "Engage in any act, practice or course of conduct that operates or would operate as a fraud or deceit on a client," and (iii) "Engage in any manipulative practice with respect to a client."

56.     Defendants violated the LPL Code by, *inter alia*, wrongfully trading Plaintiffs' and Class Members' investment accounts, retirement accounts, and/or other financial accounts

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
May 16, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Jamie Smith  Page 16 of 24

without authorization, churning the accounts, otherwise mismanaging the accounts, engaging in other deceptive acts and practices, and, in the case of LPL, failing to properly train and supervise Anderson—all in complete disregard for Plaintiffs' and Class Members' rights and interests. Defendants' above-described violations of the LPL Code are without excuse.

57.     Plaintiffs and Class Members are within the class of persons the LPL Code is designed to protect, and the damages and other financial injury and harm they suffered is of the type the LPL Code is intended to prevent—pursuant to which liability may be imposed.

58.     Defendants' above-described wrongful actions directly and proximately caused Plaintiffs and Class Members to suffer damages and other financial injury and harm in the form of, *inter alia*, frontloaded commission charges on multiple mutual funds, lost economic opportunities, lost value in their accounts, commissions on the churned securities, and other unauthorized trading-related fees, charges, and commissions—which Plaintiffs and Class Members are entitled to recover from Defendants.

59.     Defendants' above-described violations of Section 33-1 of the Texas Securities Act and the LPL Code constitute negligence *per se* at Texas common law.

**COUNT VII**

**VIOLATIONS OF THE TEXAS DECEPTIVE
TRADE PRACTICES-CONSUMER PROTECTION ACT**

60.     The preceding factual statements and allegations are incorporated by reference.

61.     Pursuant to TEX. BUS. & COM. CODE §17.45(4), Plaintiffs and Class Members are "consumers" under the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"). Pursuant to TEX. BUS. & COM. CODE §17.45(3), Defendants are "persons" that may be sued under the DTPA.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
May 16, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith   Page 17 of 24

**62.**    Defendants knowingly and intentionally violated Section 17.50(a)(3) of the Texas

Business and Commerce Code by engaging in unconscionable actions and/or an unconscionable

course of action; to wit, wrongfully trading Plaintiffs' and Class Members' investment accounts,

retirement accounts, and/or other financial accounts without authorization, churning the

accounts, otherwise mismanaging the accounts, engaging in other deceptive acts and practices,

violating the Texas Securities Act and the LPL Code, and, in the case of LPL, failing to properly

train and supervise Anderson—all in complete disregard for Plaintiffs' and Class Members'

rights and interests and the consequences of their actions. Defendants' wrongful actions took

advantage of Plaintiffs' and Class Members' lack of knowledge, ability, and experience to a

grossly unfair degree to Defendants' financial benefit and Plaintiffs' and Class Members'

financial detriment.

**63.**    Defendants' above-described unconscionable actions and/or unconscionable

course of action violated Section 17.50(a)(3) of the Texas Business and Commerce Code, and

directly and proximately caused Plaintiffs and Class Members to suffer damages and other

financial injury and harm in the form of, *inter alia*, frontloaded commission charges on multiple

mutual funds, lost economic opportunities, lost value in their accounts, commissions on the

churned securities, and other unauthorized trading-related fees, charges, and commissions—

which Plaintiffs and Class Members are entitled to recover from Defendants.

**64.**    Concurrent with filing and serving the Original Complaint, Plaintiffs served a 60-

day demand letter on Defendants pursuant to 17.505 of the Texas Civil Practice and Remedies

Code. Defendants, however, never responded to Plaintiffs' 60-day demand letter. Plaintiffs and

Class Members, therefore, are entitled to recover DTPA treble damages from Defendants for

their above-described wrongful actions.

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
May 16, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Janie Smith   Page 18 of 24

18

## COUNT VIII

### MONEY HAD AND RECEIVED

65.     The preceding factual statements and allegations are incorporated by reference.

66.     By their above-described wrongful actions, Defendants hold money—*i.e.*, *inter alia*, the wrongfully charged and collected frontloaded commission charges on multiple mutual funds, commissions on the churned securities, and other unauthorized trading-related fees, charges, and commissions—that, in equity and good conscience, belong to Plaintiffs and Class Members. Defendants, therefore, should be compelled to refund such wrongfully charged and collected fees, charges, and commissions under the Texas common law equitable doctrine of money had and received.

## COUNT IX

### UNJUST ENRICHMENT/ASSUMPSIT/*QUANTUM MERUIT*

67.     The preceding factual statements and allegations are incorporated by reference.

68.     Plaintiffs plead this Count in the alternative to their contract claims (Counts I and II) because they cannot recover under this Count and under Counts I and II.

69.     As Defendants' customers, Plaintiffs and Class Members conferred valuable benefits on Defendants in the form of, *inter alia*, the wrongfully charged and collected frontloaded commission charges on multiple mutual funds, commissions on the churned securities, and other unauthorized trading-related fees, charges, and commissions.

70.     Defendants accepted such valuable benefits from Plaintiffs and Class Members. As such, Defendants have been (and continue to be) unjustly enriched by, *inter alia*, (i) such wrongfully charged and collected frontloaded commission charges on multiple mutual funds, commissions on the churned securities, and other unauthorized trading-related fees, charges, and

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
May 16, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
*Jamie Smith* Page 19 of 24

19

commissions, and (ii) the return on investment generated by Defendants on such amounts.

71. Defendants, therefore, as a matter of justice, equity, and good conscience, should be compelled to refund (or disgorge) such wrongfully charged and collected frontloaded commission charges on multiple mutual funds, commissions on the churned securities, and other unauthorized trading-related fees, charges, and commissions, and the corresponding return on investment under the common law doctrines of unjust enrichment and *quantum meruit*, and the duty to make restitution under the Texas common law equitable doctrine of assumpsit.

## TOLLING OF THE STATUTES OF LIMITATION

72. The preceding factual statements and allegations are incorporated by reference.

73. **FRAUDULENT CONCEALMENT.** Defendants took active steps to conceal their above-described wrongful actions. The details of Defendants' efforts to conceal their unlawful conduct are in their possession, custody, and control, to the exclusion of Plaintiffs, and await further discovery. When this material information was first revealed to Plaintiffs, they exercised due diligence by investigating the situation, retaining counsel, and pursuing their claims. Defendants fraudulently concealed their wrongful conduct. Should such be necessary, therefore, all applicable statutes of limitation (if any) are tolled under the fraudulent concealment doctrine.

74. **EQUITABLE ESTOPPEL.** Defendants took active steps to conceal their above-described wrongful actions. The details of Defendants' efforts to conceal their unlawful conduct are in their possession, custody, and control, to the exclusion of Plaintiffs, and await further discovery. When this material information was first revealed to Plaintiffs, they exercised due diligence by investigating the situation, retaining counsel, and pursuing their claims. Defendants concealed their wrongful conduct. Should such be necessary, therefore, all applicable statutes of limitation (if any) are tolled under the doctrine of equitable estoppel.

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

May 16, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

*Jamie Smith* Page 20 of 24

75.    **EQUITABLE TOLLING.** Defendants took active steps to conceal their above-described wrongful actions. The details of Defendants' efforts to conceal their unlawful conduct are in their possession, custody, and control, to the exclusion of Plaintiffs, and await further discovery. When this material information was first revealed to Plaintiffs, they exercised due diligence by investigating the situation, retaining counsel, and pursuing their claims. Defendants concealed their wrongful conduct. Should such be necessary, therefore, all applicable statutes of limitation (if any) are tolled under the doctrine of equitable tolling.

### *RESPONDEAT SUPERIOR/AGENCY*

76.    The preceding factual statements and allegations are incorporated by reference.

77.    In addition to its liability for Anderson's wrongful actions under Section 33-1(E)(1);(E)(2) of the Texas Securities Act, LPL also is liable to Plaintiffs and Class Members for the above-described wrongful actions committed by Anderson, its former employee, IAR, agent, and representative, during the course and scope of his employment by, and his respective representation of, LPL under the Texas common law doctrines of *respondeat superior* and/or agency theory; to wit, such wrongful conduct was committed (i) within LPL's general authority, (ii) in furtherance of LPL's business, and (iii) to accomplish the objective for which Anderson was hired—all of which directly and proximately caused Plaintiffs and Class Members to suffer the above-described damages and other financial injury and harm.

### **RELIEF REQUESTED**

78.    The preceding factual statements and allegations are incorporated by reference.

79.    **ACTUAL AND CONSEQUENTIAL DAMAGES.** As a direct and proximate result of Defendants' above-described wrongful actions, Plaintiffs and Class Members have sustained (and will continue to sustain) actual damages, consequential damages, and other financial injury and

I CERTIFY THIS IS A TRUE COPY.
Witness my Hand and Seal of Office
May 16, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Jamie Smith   Page 21 of 24

harm, in the form of, *inter alia*, frontloaded commission charges on multiple mutual funds, lost

economic opportunities, lost value in their accounts, commissions on the churned securities, and

other unauthorized trading-related fees, charges, and commissions—which Plaintiffs and Class

Members are entitled to recover from Defendants. Alternatively, Plaintiffs and Class Members

are entitled to equitable relief in the form of all amounts by which Defendants have been unjustly

enriched, including such wrongfully charged and collected frontloaded commission charges on

multiple mutual funds, commissions on the churned securities, other unauthorized trading-related

fees, charges, and commissions, and Defendants' corresponding return on investment. All of the

damages and other financial injury and harm sustained by Plaintiffs and Class Members were

reasonably foreseeable by Defendants. All conditions precedent to Plaintiffs' and Class Members'

claims for relief have been performed or occurred.

80.     **PUNITIVE DAMAGES.** Defendants' wrongful actions were committed intentionally,

willfully, wantonly, and with reckless disregard for Plaintiffs' and Class Members' rights and

interests. Accordingly, Plaintiffs and Class Members are entitled to recover punitive damages from

Defendants as punishment, and to discourage such wrongful conduct in the future. All conditions

precedent to Plaintiffs' and Class Members' claims for relief have been performed or occurred.

81.     **DTPA TREBLE DAMAGES.** Plaintiffs and Class Members also are entitled to treble

damages for Defendants' knowing, willful, and intentional wrongful conduct in violation of TEX.

BUS. & COM. CODE §17.50(b)(1). All conditions precedent to Plaintiffs' and Class Members'

claims for relief have been performed or occurred.

82.     **ATTORNEYS' FEES, LITIGATION EXPENSES AND COSTS.** Plaintiffs and Class

Members also are entitled to recover their attorneys' fees, litigation expenses, and court costs

pursuant to *inter alia*, Chapter 38 of the Texas Civil Practice and Remedies Code, and TEX. BUS.

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

May 16, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

*Jamie Smith*  Page 22 of 24

& COM. CODE §17.50(d). All conditions precedent to Plaintiffs' and Class Members' claims for attorneys' fees, litigation expenses, and court costs have been performed or occurred.

**WHEREFORE,** Plaintiffs, for themselves and Class Members, respectfully request that (i) Defendants be cited to appear and answer this lawsuit, (ii) this action be certified as a class action, (iii) Plaintiffs be designated the Class Representatives, and (iv) Plaintiffs' counsel be appointed Class Counsel. Plaintiffs, for themselves and Class Members, further request that upon final trial or hearing, judgment be awarded against Defendants, jointly and severally, for:

    (i)      actual and consequential damages (as set forth above) or, in the alternative, equitable relief (as set forth above), in an amount to be determined by the trier of fact;

    (ii)     punitive damages;

    (iii)    treble damages;

    (iv)    pre- and post-judgment interest at the highest legal rates;

    (v)     attorneys' fees and litigation expenses;

    (vi)    costs of suit; and

    (vii)   such other and further relief to which Plaintiffs and Class Members are justly entitled.

Date: April 6, 2017

Respectfully submitted,

By: _____

Richard L. Coffman
Texas State Bar No. 04497460
**THE COFFMAN LAW FIRM**
505 Orleans St., Fifth Floor
Beaumont, TX 77701
Telephone: (409) 833-7700
Facsimile: (866) 835-8250
Email: rcoffman@coffmanlawfirm.com



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

May 16, 2017

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith  Page 23 of 24

23

Mitchell A. Toups
Texas State Bar No. 20151600
**WELLER, GREEN TOUPS & TERRELL, LLP**
2615 Calder Ave., Suite 400
Beaumont, TX 77702
Telephone: (409) 838-0101
Facsimile: (409) 838-6780
Email: matoups@wgttlaw.com

**ATTORNEYS FOR PLAINTIFFS
AND THE PUTATIVE CLASS**

### CERTIFICATE OF SERVICE

I certify that a true copy of Plaintiffs' First Amended Class Action Petition was served on the following counsel and *pro se* Defendant via the Court's electronic filing system, via electronic mail, and/or via U.S. mail, pursuant to the Texas Rules of Civil Procedure, on April 6, 2017.

Richard L. Coffman

John P. Kincade
WINSTEAD PC
2728 N. Harwood Street, Suite 500
Dallas, TX 75201
Telephone: (214) 745-5400
Facsimile: (214) 745-5390
Email: jkincade@winstead.com

Eric Paul Edwardson
5 Acadiana Court, Suite B
Beaumont, TX 77706
Telephone: (409) 924-0802
Facsimile: (409) 515-1958
Email: ericedwardson@att.net

**ATTORNEYS FOR DEFENDANT LPL FINANCIAL, LLC**

Jason N. Anderson
5725 Clinton St.
Beaumont, TX 77706

DEFENDANT PRO SE

I CERTIFY THIS IS A TRUE COPY
Attested by Hand and Seal of Office
May 16, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith
Page 24 of 24

24

# EXHIBIT 6

**FILED**
**DISTRICT CLERK OF**
**JEFFERSON CO TEXAS**
**4/13/2017 12:40:33 PM**
**JAMIE SMITH**
**DISTRICT CLERK**
**A-199270**

NO. A-199270

| | | |
|---|---|---|
| ELIJAH DENSON, JR. and<br>OLAN WEEKS,<br>     On behalf of themselves and<br>     All others similarly situated,<br><br>          Plaintiffs<br><br>v.<br><br>LPL FINANCIAL, LLC and<br>JASON N. ANDERSON,<br><br>          Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT<br><br><br><br><br><br>JEFFERSON COUNTY, TEXAS<br><br><br>58th JUDICIAL DISTRICT |

## ORDER ALLOWING JOHN P. KINCADE AND WINSTEAD PC TO WITHDRAW AS ATTORNEYS OF RECORD FOR JASON N. ANDERSON

On motion of John P. Kincade and Winstead PC, it is ORDERED:

1.     that John P. Kincade and the law firm of Winstead PC are hereby granted leave to withdraw as attorneys of record for Jason N. Anderson;

2.     that John P. Kincade and the law firm of Winstead PC are no longer attorneys of record for Jason N. Anderson; and

3.     that the Clerk shall cause the Court's files to reflect that John P. Kincade and the law firm of Winstead PC are no longer attorneys of record for Jason N. Anderson.

SIGNED on the ___13th___ day of ~~March~~ APRIL, 2017.

JUDGE PRESIDING

**I CERTIFY THIS IS A TRUE COPY**
Witness my Hand and Seal of Office
May 16, 2017
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith    Page 1 of 1